# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 3:22-cr-0018 |
| ) | |
| **DIOMARIS ALMONTE,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## ORDER

**BEFORE THE COURT** is the United States' (the "Government") motion to continue the trial scheduled for November 21, 2022. For the reasons stated herein, the Court will grant the motion. The time to try this case is extended up to and including November 13, 2023.

On November 7, 2022, the United States filed the instant motion to continue. (ECF No. 33.) In its motion, the Government avers that Defendant Diomaris Almonte ("Almonte") has entered into a pre-trial diversion agreement with the Government that, if successfully completed, will result in dismissal of her charges. *See id.* The Government further avers that under the terms of the agreement, Almonte has agreed to waive her speedy trial rights. *See id.*

On November 8, 2022, the Court ordered Almonte to file a speedy trial waiver before November 14, 2022, upon consideration of the averments made in the Government's motion. (ECF No. 34.) On November 9, 2022, Almonte filed an Application and Checklist for Speedy Trial Extension, in which she "moves the Court to extend the period of time within which this matter must be tried, up to and including November 8, 2023." *Id.* Almonte states that the extension is necessary so that she may complete the terms of her diversion agreement. *See id.* Almonte further avers that she "voluntarily and knowingly waivers her right to a speedy trial . . . with the advice and consent of counsel." (ECF No. 35.) Almonte also filed a Notice of Readiness on November 10, 2022, in which she avers: "The parties have complied with all deadlines related to the approved diversion agreement. For these reasons, trial is unnecessary and Ms. Almonte does not wish to proceed to trial, and thus will not be ready

*United States v. Almonte*
Case No.: 3:22-cr-0018
Order
Page 2 of 3

for trial . . . ." (ECF No. 36.). Accordingly, based on the above, the Court finds good cause to grant a continuance.

Ordinarily under the Speedy Trial Act, a defendant must be tried within 70 days from the date of the information or indictment, or from the date the defendant appears before an officer of the court in which the charge is pending, whichever is later. 18 U.S.C. § 3161(c)(2). However, this time may be tolled for several reasons. To wit, if a court determines that the "ends of justice" served by a continuance outweigh the interest of the public and the defendant in a speedy trial, any resulting delay shall be excluded in computing time under the Act. *See* 18 U.S.C. § 3161(h)(7)(A).

Consistent with these concerns, the United States Court of Appeals for the Third Circuit has recognized that "whether or not a case is 'unusual' or 'complex,' an 'ends of justice' continuance may in appropriate circumstances be granted." *United States v. Fields*, 39 F.3d 439, 444 (3d Cir. 1994) (finding that the district court had properly granted an "ends of justice" continuance to "permit plea negotiations to continue"); *United States v. Gutierrez*, 351 F. App'x 697, 699 (3d Cir. 2009) (upholding a continuance where "[p]lea negotiations were ongoing and . . . appeared to be progressing toward a nontrial disposition"); *cf. United States v. Baxter*, No. 2017-24, 2017 U.S. Dist. LEXIS 113675 (D.V.I. July 21, 2017) (granting an application for waiver of speedy trial rights based on a pretrial diversion agreement).

Here, the Court specifically finds that the ends of justice served by extending this period to allow the defendant an opportunity to satisfy the terms of the pretrial diversion agreement outweigh the best interest of the public and the defendant in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). Therefore, the Court will toll the running of the speedy trial clock pending Defendant's participation in the pre-trial diversion program.

The premises considered, it is hereby

**ORDERED** that the United States' Motion to Continue Trial Pending Completion of Pre-Trial Diversion Agreement, ECF No. 33, is **GRANTED**; it is further

**ORDERED** that the time beginning from the date of this order granting an extension for trial through November 13, 2023, **SHALL** be excluded in computing the time within which the trial in this matter must be initiated pursuant to 18 U.S.C. § 3161; it is further

*United States v. Almonte*
Case No.: 3:22-cr-0018
Order
Page 3 of 3

**ORDERED** that the parties **SHALL** file and serve a pre-trial brief no later than November 3, 2023, which shall include the following: (a) proposed list of witnesses; (b) proposed list of exhibits; (c) estimated length of case-in-chief and case-in-defense; (d) proposed non-standard *voir dire* questions; and (e) proposed non-standard jury instructions related to the elements of the charges and defenses; it is further

**ORDERED** that the parties **SHALL** provide the Clerk of Court with a USB Flash Drive containing electronic versions of exhibits no later than November 8, 2023;[1] and it is further

**ORDERED** that the June 30, 2022 deadline for substantive motions has **EXPIRED**; it is further

**ORDERED** that any motion in limine **SHALL** be filed no later than October 27, 2023, and any response to such motion **SHALL** be filed by November 6, 2023. No further briefing on motions in limine **SHALL** be permitted unless authorized by the Court; it is further

**ORDERED** that the Jury Selection and Trial in this matter previously scheduled for November 21, 2022, **SHALL BE CONTINUED** to commence promptly at 9:00 a.m. on November 13, 2023, in St. Thomas Courtroom 1.

**Dated:** November 14, 2022                    */s/Robert A. Molloy*
                                                **ROBERT A. MOLLOY**
                                                **Chief Judge**

---

[1] Counsel are advised to consult with Court technical staff to determine the proper format for saving electronic versions of exhibits. The Government's trial exhibits shall be labelled sequentially beginning with Government Exhibit 1. Defense's exhibits shall be labelled sequentially beginning with Defense Exhibit A.